E-FILED
Monday, 08 June, 2020 03:50:21 PM
Clerk, U.S. District Court, ILCD

046846/21061/JNR/JCS

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| NICHOLAS A. AKERELE,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH CARE SERVICES, VICTOR CALLOWAY, DR. YOUNG, CYNTHIA ROSS, ROB JEFFREY, MIRADA RITTER, AND DANVILLE CORRECTIONAL CENTER,<br><br>Defendants. | No. 20-cv-2053<br><br>Sue E. Myerscough |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COMES Defendants, DR. JUSTIN YOUNG, CYNTHIA ROSS, RN, AND WEXFORD HEALTH SOURCES, INC., by their attorney, CASSIDAY SCHADE LLP, and pursuant to Local Rule 16.3(E)(2) and the Court's April 8, 2020 Order, hereby submits their Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

1. Defendant Dr. Justin Young admits that he has been employed by Wexford Health Sources, Inc. as the Medical Director at Danville Correctional Center at what appears to be the time relevant to the Complaint.

2. Defendant Cynthia Ross admits she was employed by Wexford Health Sources, Inc. as a registered nurse at what appears to be the time relevant to the Complaint.

3. Defendant Wexford admits it is a medical vendor to the State of Illinois / Illinois Department of Corrections and provides certain medical services in accordance with its contract.

4. Defendants admit that jurisdiction and venue are proper in the Central District of Illinois.

5. Defendants deny that any act or omission on his part constitutes deliberate indifference to a serious medical need.

6. Defendants deny that Plaintiff had a serious medical need as alleged in the Complaint.

7. Defendants deny that any response they may or may not have made to any request of the Plaintiff constituted deliberate indifference to a serious medical need.

8. Defendants deny that Plaintiff was injured by any act, omission, or delay allegedly caused by Defendants.

9. Defendants deny Plaintiff's nose injury is one in which surgery is medically indicated.

10. Defendants deny Plaintiff was or is being denied medically necessary treatment.

11. Defendants deny the existence of any unconstitutional custom, policy or practice related to the care provided to Plaintiff.

12. Defendants deny the existence of any policy or practice of refusing or denying necessary medical treatment as a cost-saving method.

13. Defendants deny that Plaintiff is entitled to any relief whatsoever.

14. Defendants deny that Plaintiff's claims are meritorious.

**DEFENDANTS DEMAND TRIAL BY JURY**

<u>**AFFIRMATIVE DEFENSES**</u>

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional

rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.[1]

2.  At all times relevant herein, Defendants acted in good faith and in conformity with existing precedent. They are therefore entitled to good faith immunity from damages. *Janus v. Am. Fed'n. of State*, 942 F.3d 352 (7th Cir. 2019).

3.  To the extent Plaintiff has failed to exhaust his administrative remedies prior to initiating bringing this action, his claims are barred by Section 1997e(a) of the Prison Litigation Reform Act.

4.  To the extent Plaintiff's claims for relief accrued more than two years prior to initiation of this case, they are barred by the applicable statute of limitations.

5.  At all times relevant herein, Defendants' duties were limited to those that were delegated to them by their employer and that their employer voluntarily undertook pursuant to its contract with the Illinois Department of Corrections.

**DEFENDANT DEMANDS TRIAL BY JURY AS TO HIS AFFIRMATIVE DEFENSES**

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court deny Plaintiff any relief in this matter and grant Defendants judgment as to all matters and any other relief deemed appropriate, including cost of suit.

    Respectfully submitted,

    CASSIDAY SCHADE LLP

    By: /s/ Joy C. Syrcle
        Attorneys for Defendants, DR. JUSTIN YOUNG, CYNTHIA ROSS, RN, AND WEXFORD HEALTH SOURCES, INC.

---

[1] Defendants acknowledge in *Estate of Clark v. Walker*, 865 F.3d 544, 550-51 (7th Cir. 2017), the Seventh Circuit rejected qualified immunity for contractual government employees. Defendants assert this defense to preserve it for appeal.

3

Joy C. Syrcle
ARDC No. 6302066
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
jsycle@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I electronically filed the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Philip Andrews, #6329386
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Pandrews@atg.state.il.us

I also hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in Springfield, Illinois, with proper postage prepaid, on June 8, 2020. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

PRO SE:
Nicholas A. Akerele (R48718)
Danville Correctional Center
Inmate Mail/Parcels
3820 East Main Street
Danville IL 61834
(217) 446-0441

/s/ Joy C. Syrcle

9505062 JSYRCLE;JSYRCLE